IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEFFREY L. McLEMORE,**

    **Plaintiff,**

    v.                                                                          CASE NO. 23-3216-JWL

**(FNU) GAWITH, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Jeffrey L. McLemore is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff's claims relate to a traffic stop on an unspecified date. Plaintiff states that he was a passenger in a vehicle when it was stopped by Officer Gawith in Salina, Kansas. (Doc. 1, at 2.) Gawith approached the passenger side of the truck, opened the door, and requested Plaintiff's identification. *Id*. Plaintiff refused. *Id*. Gawith ordered him to "stay put." *Id*. Plaintiff responded that he would be leaving on foot. *Id*. Gawith told him that if he tried to leave, it would be viewed as an attempt to escape, and he would be arrested. *Id*. at 4. She went to her vehicle with the driver's documentation. *Id*. Officers Villaneuva and Geese arrived on the scene. *Id*. Gawith

returned to the truck and ordered Plaintiff to get out, saying that he "had warrants." *Id*. Plaintiff alleges that he got out, "some dialogue" took place, and the three officers attempted to put him in handcuffs. *Id*. Next, Plaintiff alleges that he "had enough and broke loose." *Id*. He states, "Somewhere along the way Geese incurred a[n] injury to his face – my adrenaline was pumping, I was afraid and don't remember a couple seconds there." *Id*. Once Plaintiff saw Geese's injury, he alleges that he submitted to the arrest, but all three officers tackled him, kneeled or sat on him, and put a netted bag over his head before transporting him to jail. *Id*. at 4-5.

Plaintiff claims unlawful search and seizure under the Fourth Amendment and excessive force under the Eighth Amendment. *Id*. at 6-7. Plaintiff names as defendants: (fnu) Gawith, Saline County law enforcement officer; (fnu) Geese, Saline County law enforcement officer; and (fnu) Villaneuva, Lieutenant, Saline County "police department." Plaintiff seeks punitive, nominal, and compensatory damages. *Id*. at 8.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*,

561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. *Younger* Abstention

It appears to the Court that Plaintiff's claims may relate to state criminal proceedings. If they do, the Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Plaintiff is directed to clarify the date of the traffic stop and arrest forming the basis of his

claims here and whether the events are also involved in any state criminal proceedings.

### 2. Unreasonable Seizure – Fourth Amendment

Plaintiff claims Gawith did not have probable cause or reasonable suspicion to search and/or seize him.

The Fourth Amendment provides the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend. IV.  Accordingly, the Fourth Amendment "prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017).  To assert a plausible claim for unlawful seizure under the Fourth Amendment, a plaintiff must "state facts which, if true, would establish that there was no warrant, probable cause, or other exigent circumstances rendering the [search or seizure] permissible." *M.P. by and through Jared P. v. Jones*, 2023 WL 5938915, at *3 (D. Colo. Sept. 12, 2023) (citing *Sanchez v. Bauer*, No. 14-cv-02804-MSK-KLM, 2015 WL 5026195, at *4 (D. Colo. Aug. 26, 2015); *see also Erikson v. Pawnee County*, 263 F.3d 1151, 1154 (10th Cir. 2001) (affirming dismissal of Fourth Amendment claim where, "beyond the conclusory allegation in his complaint that no probable cause existed, plaintiff ha[d] not alleged any specific facts showing there was a lack of probable cause for his arrest and prosecution")).

Plaintiff fails to state a plausible claim based on his conclusory allegation that no probable cause existed.  Plaintiff mentions warrants, provides no other information regarding the reason for the traffic stop or his arrest, and alleges no facts showing there was a lack of probable cause.  Plaintiff should show good cause why his Fourth Amendment claim should not be dismissed for failure to state a claim.

### 2. Excessive Force – Fourth Amendment

"Excessive force claims are cognizable under the Fourth, Fifth, Eighth, and Fourteenth Amendment, depending on where in the criminal justice system the plaintiff is at the time of the challenged use of force." *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1169 (10th Cir. 2021) (citation omitted). Plaintiff asserts his excessive force claim under the Eighth Amendment. (Doc. 1, at 6.) However, "[w]hen an 'excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment.'" *Id*. (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

"To state an excessive force claim under the Fourth Amendment, plaintiffs must show *both* that a seizure occurred and that the seizure was unreasonable." *Id*. (quoting *Bond v. City of Tahlequah*, 981 F.3d 808, 815 (10th Cir. 2020) (emphasis in original) (quotation marks omitted)). In assessing reasonableness, a court "looks at the facts and circumstances as they existed at the moment the force was used, while also taking into consideration the events leading up to that moment." *Id*. (quoting *Emmett v. Armstrong*, 973 F.3d 1127, 1135 (10th Cir. 2020)). The inquiry is an objective one, and one that considers the totality of the circumstances. *Id*. (citation omitted). Reasonableness is "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. (quoting *Graham*, 490 U.S. at 396). "The right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion . . . to effect it." *Edwards v. City of Muskogee, Oklahoma*, 841 F. App'x 79, 83 (10th Cir. 2021) (unpublished) (quoting *Lundstrom v. Romero*, 616 F.3d 1108, 1126 (10th Cir. 2010) (internal quotation marks omitted)). "Reasonableness does not require that officers use alternative or less intrusive means if the conduct is otherwise reasonable." *Arnold v. City of Olathe, Kansas*, Case No. 2:18-cv-02703-HLT, 2021 WL 3129408, at *8 (D. Kan. July 23, 2021) (citation omitted).

The Supreme Court in *Graham* outlined three factors that guide the reasonableness analysis: (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Vette*, 989 F.3d at 1169 (quoting *Graham*, 490 U.S. at 396).

In evaluating the third factor, a court considers "whether the plaintiff was fleeing or actively resisting at the 'precise moment' the officer employed the challenged use of force." *Id.* (citation omitted). The Tenth Circuit has also held that "initial resistance does not justify the continuation of force once the resistance ceases." *McCoy v. Meyers*, 887 F.3d 1034, 1051 (10th Cir. 2018) (citations omitted).

According to Plaintiff, the three officers tackled him, placing knees on his back, and Gawith sat on his head before getting up and putting a netted bag over his head. Plaintiff acknowledges that he initially resisted arrest and injured Officer Geese. Plaintiff does not provide any additional facts regarding the circumstances surrounding his arrest, such as what the warrants were for, the extent of Geese's injury, whether Plaintiff was injured, or whether there are pending charges against Plaintiff. Based on Plaintiff's factual allegations, he has not demonstrated that the use of force was unreasonable. Therefore, he has not stated a claim for the use of excessive force under the Fourth Amendment. Plaintiff should show good cause why his excessive force claim should not be dismissed for failure to state a claim.

**4.  Request for Stay**

Plaintiff has also filed a Motion to Stay Proceedings (Doc. 3) stating that he is seeking a stay under Fed. R. Civ. P. 23 because his claims "relate directly" to pending criminal matters. (Doc. 3, at 1.)

Rule 23 of the Federal Rules of Civil Procedure deals with class actions. Plaintiff has not

indicated how the rule provides support for his request for a stay. Because the Court finds that Plaintiff fails to state a claim and is ordering Plaintiff to either show good cause why his claims should not be dismissed or to file an amended complaint, the Court denies the request for a stay at this time and without prejudice to reasserting the request.

**IV. Response and/or Amended Complaint Required**

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (23-3216-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and

show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **November 13, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **November 13, 2023**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Proceedings (Doc. 3) is **denied**.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated October 12, 2023, in Kansas City, Kansas.**

                                        **S/ John W. Lungstrum**
                                        **JOHN W. LUNGSTRUM**
                                        **UNITED STATES DISTRICT JUDGE**